Out of the Box Developers, LLC v. LogicBit Corp., 2013 NCBC 34.

NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
10 CVS 8327

OUT OF THE BOX DEVELOPERS, LLC,
d/b/a OTB CONSULTING,

          Plaintiff,

v.

LOGICBIT CORP., FRANCISCO A.
RIVERA, DOAN LAW, LLP, and THE
DOAN LAW FIRM, LLP,

          Defendants.

FURTHER ORDER ON PLAINTIFF'S
MOTION FOR DISCOVERY
SANCTIONS

THIS MATTER is now before the court for the award of attorneys' fees, which issue was reserved in the court's June 5, 2013 Order pending the request of additional information.  Plaintiff's counsel has now provided support for its claimed fees and expenses.

By this Order, the court makes findings of fact demonstrating the basis upon which it exercised its discretion to determine the appropriate award.  *See Kelley v. Agnoli*, 205 N.C. App. 84, 695 S.E.2d 137 (2010).  Among its other considerations, in particular, the court has reviewed the affidavit of Jonathan D. Sasser, together with its attachments, the multiple filings during the course of the litigation, and the multiple hearings related to discovery, which are evidenced by the court's electronic docket, available at www.ncbusinesscourt.net.  The court has considered the time and labor expended on relevant matters, the nature and scope of the services rendered, the skill required to perform the services rendered, the customary fee for similar work, and the experience and ability of those rendering the services.  *See, e.g., Shepard v. Bonita Vista Props., L.P.*, 191 N.C. App. 614, 626, 664 S.E.2d 388, 396 (2008) (applying factors for the discretionary award of attorneys fees pursuant to N.C. Gen. Stat. §75-16.1).

Plaintiff has made a request totaling $63,714.57, supported by affidavit and time records. (Aff. of Jonathan D. Sasser ¶ 14.) For the reasons stated below, the court, in its discretion, awards Plaintiff a total of fees and expenses of $38,919.07, and then allocates that award among the Defendants.

The court makes the following FINDINGS OF FACT:

1. The court incorporates its Findings of Fact and Conclusions of Law from its June 5, 2013 Order.

2. As detailed in its June 5, 2013 Order, Plaintiff's attorneys filed and briefed three motions to compel, on July 12, 2012, November 20, 2012, and on March 27, 2013, seeking the discovery at issue. In response to Plaintiff's March 27, 2013 Motion to Compel, the court issued an Order on April 12, 2013 ordering Defendants to provide the requested discovery by April 19, 2013. Defendants failed to obey that April 12, 2013 Order. This failure to obey caused Plaintiff's attorneys to file a Motion for Discovery Sanctions and For Contempt on April 22, 2013. Plaintiff's attorneys were also forced to prepare and file a brief responsive to Defendants' Motion to Strike Plaintiff's Reply Brief to the Motion for Discovery Sanctions and For Contempt. In addition to the discussion of discovery issues at prior hearings, which hearings also included other issues, Plaintiff's attorneys had to travel from Raleigh to attend a hearing on its Motion for Discovery Sanctions and For Contempt held on May 1, 2013 at the Business Court in Greensboro. The court issued its Order on Plaintiff's Motion for Discovery Sanctions and Contempt on June 5, 2013, reserving the issue of an award of fees and expenses.

3. Each of these efforts Plaintiff expended to secure the discovery was reasonable and necessary.

4. Based upon the affidavit of Mr. Sasser and its supporting materials, the court finds that:

a. Plaintiff's attorneys spent 6.5 hours, totaling $2,557.50 in attorneys' fees, in relation to Plaintiff's July 12, 2012 Motion to Compel;

b. Plaintiff's attorneys spent 10.5 hours, totaling $2,860.00 in attorneys' fees, in relation to Plaintiff's November 20, 2012 Motion to Compel;

c. Plaintiff's attorneys spent 13.5 hours, totaling $4,334.00 in attorneys' fees, in relation to communicating with opposing counsel concerning the January 29, 2013 Case Status Report requested by the court at the December 19, 2012 status conference, which, *inter alia* provided an agreed-upon process for delivering the discovery at issue;

d. Plaintiff spent $500.00 as a pre-payment for obtaining the transcript from the December 19, 2012 status conference;

e. Plaintiff's attorneys spent 3.5 hours, totaling $959.50 in attorneys' fees, in attempting to coordinate with Defendants' counsel in order to complete the procedure agreed upon in the January 29, 2013 Case Status Report;

f. Plaintiff's attorneys spent 47.3 hours, totaling $16,714.00 in attorneys' fees, trying to obtain Defendants' performance in compliance with the process agreed upon in the January 29, 2013 Case Status Report, preparing and briefing Plaintiff's March 27, 2013 Motion for Entry of Order Compelling Discovery, and attempting to obtain Defendants' compliance with the court's April 12, 2013 Order granting Plaintiff's March 27, 2013 Motion to Compel;

g. Plaintiff's attorneys spent 48.8 hours, totaling $17,159.50 in attorneys' fees, preparing and briefing Plaintiff's April 22, 2013 Motion for Discovery Sanctions and For Contempt and

responding to Defendants' Motion to Strike Plaintiff's Reply Brief in Support of Defendants' April 22, 2013 Motion;

h. Plaintiff's attorneys spent 51.2 hours, totaling $15,864.50 in attorneys' fees, as well as $88.14 in mileage costs, preparing for and attending the May 1, 2013 hearing on Plaintiff's Motion for Discovery Sanctions and For Contempt;

i. Plaintiff's attorneys spent 13.1 hours, totaling $5,259.50 in attorneys' fees, as well as $12.43 in costs, complying with the court's direction at the May 1, 2013 hearing;

j. Plaintiff spent $535.00 obtaining the transcript from the May 1, 2013 hearing;

k. In total, Plaintiff's attorneys spent 194.4 hours, totaling $65,708.50 in attorneys' fees, in addition to $1,135.57 in transcript, mileage, and other expenses, in efforts to obtain the three versions of HoudiniESQ software that are at the heart of this lawsuit; and

l. Of this amount, $38,919.07 is directly caused by Defendants' failure to comply with the court's April 12, 2013 Order.

5. The discovery touched upon issues requiring specialized study and knowledge of the technology involved. In fact, Defendants offered affidavit and live testimony at the May 1, 2013 hearing, which their counsel represented to be necessary to the court's understanding of the issues underlying the discovery requests.

6. In total, the number of hours spent on the various motions and actions taken to obtain the discovery sought was reasonable considering the complexity of the issues involved, including the complex technical nature of the discovery sought and the technical difficulties encountered in obtaining the discovery.

7. The affidavit of Mr. Sasser evidences his efforts to limit the attorneys' fees claimed to those directly related to obtaining the discovery at

issue. (*See* Aff. of Jonathan D. Sasser ¶¶ 9–11, 13, 15.) The affidavit of Mr. Sasser also details his firm's efforts to minimize the duplication of effort and the use of paralegals, IT professionals, and litigation support professionals, when appropriate, to reduce the number of hours charged by attorneys with a higher hourly rate. (*See* Aff. of Jonathan D. Sasser ¶¶ 15–17.) However, because of the complexity of the issues involved, it was reasonable and appropriate that efforts be undertaken by Mr. Sasser, who is the senior litigator for Plaintiff, rather than by his delegating the matter to less experienced attorneys as might be the case for more routine issues or less complex discovery matters.

8. The court is familiar with rates in comparable litigation based on its consideration of fee requests submitted in other matters. The court is further specifically aware of the experience and competency of counsel for the Parties in the litigation, including their experience and familiarity with litigation involving trade secrets and technology of the type at issue here. The court has significant personal experience in litigation in Wake County involving matters of comparable complexity.

9. The court is aware of the range of hourly rates charged in Raleigh and other North Carolina municipalities for complex litigation, including, among other sources, from fee applications filed with this court. The court finds that the hourly rates set forth in Mr. Sasser's affidavit and stated in the table below are fair and reasonable, and conform to or are less than hourly rates charged in and around Wake County by firms with comparable experience in matters of comparable complexity.

10. The hourly rates set forth in Mr. Sasser's affidavit are also reasonable considering the experience of each attorney and legal assistant. The rates set forth in Mr. Sasser's affidavit and used for the calculation of attorneys' fees requested in the Motion are also less than the standard rates for some of the attorneys involved. (Aff. of Jonathan D. Sasser ¶

19.) The court finds that the efforts expended were by appropriate personnel matched to the task at hand.

11. The following summarizes the hourly rates detailed in the supporting documentation:

| Attorney | Standard Hourly Rate | Hourly Rate in Affidavit |
|---|---|---|
| Jonathan D. Sasser (Partner) | $ 565.00 | $ 495.00 |
| C. Scott Meyers (Associate) | $ 285.00 | $ 260.00 |
| Lenor Marquis Segal (Associate) | $ 260.00 | $ 250.00 |
| Grant Garber (Associate) | $ 220.00 | $ 220.00 |
| Sarah Hall Kaufman (Legal Assistant) | $ 130.00 | $ 130.00 |
| Brian M. Flatley (Legal Assistant) | $ 130.00 | $ 130.00 |
| Curtis Haynie (Legal Assistant) | $ 85.00 | $ 85.00 |

12. Based on its review of the evidence submitted and in its discretion, the court determines that Plaintiff should be awarded the sum of $38,919.07 for fees and expenses reasonably and necessarily incurred because of Defendants' unwarranted failure to comply with the court's April 12, 2013 Order, necessitating Plaintiff's April 22, 2013 motion ($17,159.50), Plaintiff's attendance at the May 1, 2013 hearing on that motion ($15,952.64), and Plaintiff's actions taken to comply with the court's direction at the May 1, 2013 hearing ($5,806.93). The court finds that these efforts were reasonable and necessary to secure compliance with the court's April 12, 2013 Order and were of the nature and scope and expended by the persons with the requisite and appropriate skill and expertise considering the matter at hand, and that the fees for the time expended were computed at hourly rates

customary to the location and appropriate for litigation of comparable complexity.

13. The court concludes that these amounts should not be discounted, particularly considering that the court has confined its award to activities after the court's April 12, 2013 Order, and has not further awarded fees and expenses attendant to Plaintiff's efforts leading up to the April 12, 2013 Order.

14. Defendants, and neither of them, having been given a full opportunity to do so, have demonstrated that their failure to comply with their discovery obligations was substantially justified or that any other circumstances make an award of fees and expenses to Plaintiff unjust.

15. In fact, the court finds it unusual that further proceedings were required after the court resolved the contested discovery issues by its April 12, 2013 Order.

16. The acts of the Doan Law Defendants in failing to abide by their discovery obligations and this court's order were significantly more egregious than the failures of LogicBit Corp. or Mr. Rivera.

17. In fact, Mr. Doan could have avoided the dispute in significant part had he undertaken appropriate inquiry of personnel under his direction and control, which would have identified the requested backup files.

The court makes the following CONCLUSIONS OF LAW:

1. The court has the discretion to award Plaintiff its fees and expenses incurred pursuant to N.C. R. Civ. P. 26 and 37(a)(4) and (b)(2);

2. Plaintiff has adequately documented that the fees and expenses awarded were necessarily and reasonably incurred, and the time and labor expended was reasonable, necessary and appropriately matched to the effort required under the circumstances;

3. The expenses and fees incurred were appropriate and matched the skill and experience required to address the nature and complexity of the matters at issue;

4. The fees and expenses requested are customary for work of a like nature;

5. Defendants, and neither of them, have demonstrated that the failure to comply with their discovery obligations or this court's order was substantially justified;

6. Defendants, and neither of them, have demonstrated any reason why the award of fees and expenses to Plaintiff is unjust;

7. The award of fees and expenses should be allocated 90% to the Doan Defendants and 10% to the LogicBit Defendants;

8. The award of fees and expenses should be charged against the Defendants and not their counsel.

IT IS THEREFORE ORDERED, pursuant to Rules 26 and 37 and in the court's discretion, that Plaintiff shall have and recover attorneys' fees and costs as follows:

1. The sum of $35,027.16 jointly and severally from Doan Law, LLP and The Doan Law Firm, LLP;

2. The sum of $3,891.91 jointly and severally from LogicBit Corp. and Francisco A. Rivera; and

3. Such sums shall be paid within 30 days of the date of this Order.

This the 10th day of July, 2013.